José Lema y Hermano *v.* El Registrador de la Propiedad.

Recurso gubernativo contra nota del Registrador de la Propiedad de Caguas.

No. 96.—Resuelto en noviembre 6, 1911.

Cancelación de Gravamen—Título de Patrimonio a Favor de un Clérigo—Bienes Espirituales.—En el caso de autos se constituyó sobre una casa un gravamen en concepto de título de patrimonio para congrua sustentación de un eclesiástico con la prohibición de que tal casa se convirtiera en bien espiritual y que al fallecimiento del eclesiástico quedaría nulo y sin ningún valor ni efecto aquel gravamen. El recurrente solicitó la cancelación de dicho gravamen mediante certificación de defunción de dicho eclesiástico. Y recurrida la nota del registrador denegando la cancelación, este tribunal resolvió que era errónea dicha nota recurrida pues no debía exigirse para cancelar tal gravamen la presentación de una certificación del Obispo Católico de esta Diócesis para justificar que la finca gravada nunca fué convertida en bien espiritual, pues expresamente se prohibe en la escritura de constitución del gravamen que se verificara tal conversión.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Rafael Arce.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Por escritura pública otorgada en 11 de octubre de 1910 ante el Notario Don Rafael Arce, e inscrita en el Registro de Propiedad de Caguas en 24 de marzo del corriente año, Don Salvador Vieta Puig, Doña Isabel Puig Polo y Don Luis Fernando Puig Huertas vendieron a la sociedad José Lema y Hermano, domiciliada en esta ciudad de San Juan, por precio de tres mil quinientos dollars, una casa de que eran dueños en común y proindiviso, situada en la calle de Betances de la ciudad de Caguas, cuya casa había pertenecido a Don Benito Puig, quien constituyó sobre ella título de patrimonio a favor de su hijo del mismo nombre, clérigo menorista aspirante a las órdenes mayores hasta el sacerdocio, en cantidad de dos mil pesos según escritura pública de 17 de junio de 1851, inscrita en el mencionado registro en 17 de septiembre de 1902.

Según aparece del registro, en la escritura constitutiva del título de patrimonio a favor de Don Benito Puig, para que éste pudiera recibir órdenes mayores, se estipuló que ningún juez eclesiástico podría convertir la casa de que se trata en bien espiritual, y que al fallecimiento de dicho Puig había de quedar nula y sin ningún valor y efecto aquella escritura.

Muerto Don Benito Puig, la sociedad José Lema y Hermano acudió al Registro de la Propiedad de Caguas con certificación creditiva de dicho fallecimiento, ocurrido en 17 de diciembre de 1909, para que se cancelara el gravamen que en concepto de título de patrimonio para congrua sustentación de Puig gravaba la casa de que se deja hecho mérito, y el registrador denegó la cancelación por medio de nota que a la letra dice así:

"No admitida la cancelación de la hipoteca a que se refiere el precedente documento por el defecto de carácter insubsanable, de que si bien se acredita el fallecimiento de Don Benito Puig (segundo), a favor de quien se hallaba constituída dicha hipoteca para responder de la congrua de sustentación del mismo Sr. Puig, que era un ordenado *en sacris,* para poder cancelar la expresada hipoteca es indispensable se acredite además con un certificado del obispo de la diócesis de esta Isla a que correspondía dicho ordenando, del cual certificado conste que el expresado Sr. Puig (segundo), ha fallecido sin haberse llegado a espiritualizar la finca sobre la cual estaba constituída la mencionada hipoteca que respondía de la congrua de sustentación del referido Sr. Puig (segundo), y con presencia de otro documento, se ha tomado anotación preventiva por ciento veinte días al folio 90 vuelto del tomo 32 de este Ayuntamiento, finca número 942, anotación letra A.   Caguas, marzo 31 de 1911.   S. Abella Baston."

Esa nota ha sido recurrida por José Lema y Hermano y el recurso está sometido a nuestra consideración y decisión.

Opinamos que la calificación del registrador es abiertamente errónea, pues no cabe exigir que para la cancelación solicitada se presente por la parte interesada certificación del obispo católico de esta diócesis, justificativa de que no había llegado a espiritualizarse la finca sobre la que estaba constituído el gravamen.   Tal espiritualización fué terminan-

temente prohibida por el constituyente del gravamen, quien
también consignó de modo explícito la condición resolutoria
de que al fallecimiento de su hijo habría de quedar nulo y sin
ningún valor y efecto. Pero aunque no se hubiera consignado
tal condición, el gravamen siempre se hubiera extinguido por
muerte del favorecido Don Benito Puig, cuya congrua susten-
tación carecía de objeto después de ocurrido su fallecimiento,
de la misma manera que si se hubiera ordenado a título de
beneficio, lo hubiera perdido a su muerte.

Por las razones expuestas procede la revocación de la nota
recurrida y que el Registrador de la Propiedad de Caguas
haga la cancelación solicitada.

*Revocada.*

Jueces concurrentes: Sres. Asociados MacLeary, Wolf,
del Toro y Aldrey.